UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:21-CR-00335 |
| | ) | |
| | ) | (BRANN, C.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| | ) | |
| FRANK A. NORK, | ) | |
| Defendant | ) | |

BAIL DECISION: STATEMENT OF REASONS
(Doc. 23)

## I.      BACKGROUND

Frank A. Nork ("Defendant") is charged in a single count Indictment with Attempted Enticement of a Minor to Engage in Prostitution in violation of 18 U.S.C. §2422(b). If convicted, he faces a mandatory ten-year minimum prison sentence with a possibility of life in prison. With that charge the statutory presumption of detention applies. 18 U.S.C. §3142(a)(3)(E). The Adam Walsh Amendments to the Bail Reform Act, if applicable, mandate that if release is granted certain special conditions must be imposed.

On January 3, 2022, Defendant filed a Motion for Release Pursuant to 18 U.S.C. §3142. (Doc. 23). On January 14, 2022, the Government filed a brief in opposition, with exhibits. (Doc. 25). On January 19, 2022, a hearing was held to

address the Motion for Release. Defendant, and both of his parents (Patricia Nork and Frank Nork Sr.) appeared and testified during the proceedings.

As discussed during the hearing, I have considered Defendant and his parents' testimony, as well as the following documents:

a)   The Indictment;

b)   The Pre-Trial Services Report, dated October 22, 2021;

c)   An email from Pre-Trial Services regarding a background check on Defendant's parents as possible third-party custodians, dated November 9, 2021;

d)   An email from Pre-Trial Services regarding a home suitability inspection of the Defendant's Parents home, dated November 15, 2021; and,

e)   The Motion for release (Doc. 23) and the Government's Brief (Doc. 25).

During the hearing, I also indicated that I issued the original criminal complaint (with probable cause affidavit) and a search warrant (with probable cause affidavit) for the cell phone in Defendant's possession at the time of his arrest and would consider those in my decision.

## II.   FINDINGS OF FACT

Based on the record in this case I make the following findings of fact:

1.   Defendant is 47 years old and a lifetime resident of Schuylkill County, Pennsylvania;

2.   Defendant's criminal history is limited to: a DUI at age 23 where he received ARD; and two misdemeanor convictions at age 24 for

supplying alcohol to a minor and consuming it with him in a car, where he received probation.

3.      Defendant was married in 2003 and divorced in 2011. A dispute with his wife during their divorce in 2011 led to a charges of terroristic threats and reckless endangerment that were *nolle prossed* in favor of a one-year Protection from Abuse Order.

4.      During three prior periods of court supervision, one more than ten and two more than twenty years ago, Defendant did not violate the terms of his supervision and appeared when required for all court appearances.

5.      Defendant has been in continuous custody since his arrest on October 10, 2021 and there is no evidence of any "writeups" or other misbehavior while in custody.

6.      Defendant is a high school graduate with a steady twenty-eight-year work history as a machinist and warehouse worker. Defendant was laid off in 2020, he collected unemployment for thirteen months. His unemployment ran out this summer. He was unemployed at the time of his arrest, supporting himself by spending down his savings.

7.      Defendant has not received any alcohol or drug abuse education or treatment since he participated in ARD in 1997.

8.      While unemployed in 2020, Defendant began drinking excessively, eventually drinking up to 6-10 beers per night.

9.      Defendant has never received any psychiatric treatment.

10.     Defendant is in good physical health.

11.     Defendant is divorced and has no children.

12.     Defendant owns a modest home with a small mortgage and has lived there alone from 2011 until his arrest.

13.     Defendant owns one vehicle, a 2012 Chevrolet truck and has a valid driver's license.

14.     Defendant did not serve in the military, does not have a passport, and has never travelled outside the United States.

15.   Defendant's parents, Frank & Patricia Nork, are married, both retired, and have lived in Schuylkill County for over fifty years. Their two sons, Frank (the defendant) and his younger brother, Paul, both live near them. They had a daughter who also lived near them, but she died in 2013. Since her death they have raised her child. That granddaughter is now a 19-year-old college student.

16.   Defendant's mother, Patricia Nork has no criminal record. Defendant's father, Frank Nork has only two criminal convictions and they are both over thirty years old.

17.   The parent's home, although rural, has cell service that would support electronic monitoring equipment of the type required by the Adam Walsh Act Amendments.

18.   I reviewed—on the record—the requirements expected of a third-party custodian with Defendant's parents, and both agreed to serve as third party custodians. They testified under oath that they would report their son to his probation officer if he violated the terms of his supervised release. I find Defendant's parents to be credible.

19.   Defendant testified that he would like to seek employment pending trial and that he is willing to seek third shift factory work that would limit his contact with minors when he is outside his parent's home.

20.   Attorney Stolinas stated during the hearing that the Covid restrictions and the distance between the Dauphin County Prison and her office in State College make preparing a defense particularly difficult.

21.   This prosecution arises out of an FBI "sting" operation. An FBI employee placed an ad (Doc. 25, Ex. 1) for a "service provider" who "may enjoy" a laundry list of sexual activities. Under her social activities the ad listed "drink, smoke." The ad did not list the age of the "service provider."

22.   The Government provided a series of text messages (presumably between Defendant and the "service provider") beginning on October 21, 2021 at 12:54 p.m. The age of the "service provider" is not stated until 4:43 p.m., after 33 text messages were been exchanged. However, after a text message suggesting that the "service provider" was only thirteen, Defendant continued the negotiations and eventually arrived

in Lewisburg for the liaison and was instead taken into custody. His phone was confiscated at the time of his arrest.

23.    A search warrant was later issued for the contents of his phone.

24.    The Government has not proffered any other evidence of either interest or involvement of this Defendant with under-age sex activities.

## III.    DISCUSSION

The United States Constitution states that: "Excessive bail shall not be required . . ." U.S. Const. amend. VIII. The right to bail under the Eighth Amendment is not absolute one, and Congress may restrict the category of cases in which bail will be allowed. Those restrictions must not be excessive.

The Bail Reform Act of 1984 requires courts to detain prior to trial arrestees charged with certain serious felonies if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Act provides arrestees with several procedural rights at the detention hearing, including the right to request counsel, to testify, to present witnesses, to proffer evidence, and to cross-examine other witnesses. The Act also specifies the factors to be considered in making the detention decision, including the nature and seriousness of the charges, the substantiality of the Government's evidence, the arrestee's background and characteristics, and the nature and seriousness of the danger posed by his release.

More specifically, the Act requires the Court to consider:

**(3)**   the history and characteristics of the person, including--

    **(A)**   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)**   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

18 U.S.C. § 3142(g).

In addition, the Adam Walsh Act Amendments to the Bail Reform Act require specific release conditions that must be imposed if release is granted pending trial.[1]

These conditions make clear that Congress did not mandate detention in sex offense

---

[1]I am aware of at least one case on almost identical facts that held that the Adam Walsh Amendments did not apply. *U.S. v. Kahn*, 524 F.Supp.2d 1278 (W.D. Wash. 2007) and others that have held the amendments unconstitutional. *See United States v. Smedley*, 611 F. Supp. 2d 971 (E.D. Mo. 2009) (facially invalid); *United States v. Polouizzi*, 697 F. Supp. 2d 381 (E.D.N.Y. 2010) (invalid as applied); *United States v. Karper*, 847 F. Supp. 2d 350 (N.D.N.Y. 2011) (facially invalid, invalid as applied, and violative of 8th Amendment Excessive Bail); *But see*, *United States v. Campbell*, 309 F. Supp. 3d 738 (D.S.D. 2018), *aff'd sub nom. United States of Am. Plaintiff - Appellee v. Desi Duncan Campbell Defendant - Appellant*, No. 18-1578, 2018 WL 11392845 (8th Cir. May 4, 2018).

However, whether the Walsh Act Amendments should apply, I have made an individualized determination and find that the additional release conditions are appropriate here.

cases involving allegations of underage sexual relations, only that specific release conditions must be imposed upon release in appropriate cases. After reviewing all the evidence and arguments, I believe this is that rare appropriate case.

Defendant is charged with a violation of 18 U.S.C. §2422(b), attempted sex trafficking of a minor, so there is a rebuttable presumption of detention. 18 U.S.C. §3142(e)(3)(E). The Government argues that no condition or combination of conditions will assure the presence of the defendant or the safety of any person or the community. Defendant argues that he is not a flight risk and that the safety of the community can be assured by the imposition of reasonable conditions.

## A.    Flight Risk

Defendant is a lifelong 47-year resident of Schuylkill County. He has strong family ties to his community. There is no evidence of any ties or history of travel outside of the Middle District of Pennsylvania. He has limited financial resources to finance flight. He has only two criminal convictions, both alcohol related, with the most recent being in 1998, twenty-two years ago. He has held regular employment for most of his adult life. Electronic monitoring and regular check ins with the probation department pre-trial release division along with home inspections are available and will serve to reduce (but not completely eliminate) the risk of flight.

### B.      Danger to the Community

The evidence in this case is strong that Defendant solicited an online prostitute, and hours later, after learning that she may only be thirteen years old, went ahead and attempted the transaction. However, there is no other evidence of his involvement with underage sexual activities. Defendant's modest criminal record is all alcohol related and over twenty years old.

Defendant's parents have agreed to serve as third party custodians, are credible, and have a suitable residence in a rural area where Defendant will not have access to alcohol, guns, or unaccompanied minors. They are available to supervise him around the clock and have agreed to transport Defendant on those occasions where Defendant is required to leave the county for legal or medical appointments. Should Defendant find employment while on pretrial supervision he has agreed to seek third shift factory work that would limit his contacts with minors. This intensive supervision, coupled with Defendant's limited and stale criminal history, will reasonably assure (but not guarantee) the safety of any other person and of the community.

## IV.    CONCLUSIONS OF LAW

1.      Defendant is statutorily eligible for bail.

2.      There is a combination of bail supervision conditions that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community.

3.      The conditions of release will be set by separate order.

Date: January 21, 2022                BY THE COURT

                                      *s/William I. Arbuckle*
                                      William I. Arbuckle
                                      U.S. Magistrate Judge